OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by petitioners for an order enjoining the respondent, as Secretary of State, from advancing certain Federal community services block grant funds to various organizations or groups which petitioners believe to be unauthorized entities under the Federal legislation.
The respondent makes a motion to dismiss the petition on the grounds of lack of standing, failure to join necessary parties and failure to set forth a factual basis for relief.
The New York State Community Services Block Grant Act (L 1982, ch 728 [CSBG]) is administered by the Secretary of State pursuant to section 159-f of the Executive Law. At least 90% of the CSBG funds received by the State from the Federal Government shall be distributed pursuant to contract by the Secretary of State to “eligible entities” and migrant and seasonal farm work organizations. Funding for administration of the program at the State level was also limited to not more than 5% of the State’s *614 total CSBG allotment, and section 159-i of the Executive Law provided that the remainder of CSBG funds received by the State were to be distributed to certain entities in a certain order of preference (among them being community based organizations).
On or about August of 1983, the New York State Department of State announced that a request for proposal (RFP) would be available to prospective applicants for the purpose of obtaining grants from the undedicated remainder to operate antipoverty programs. Some 250 organizations responded and requested their names be placed on the Department’s mailing list to receive a copy of the RFP. The Department sent out the RFP’s with a letter setting forth eligibility requirements. After a review of the submitted proposals from approximately 175 organizations, the Department of State began to notify organizations that on June 25, 1984, the Department of State would enter into contracts with them to reimburse them for costs incurred in providing various services to the poor. The final decisions made pursuant to the RFP are contained in a list entitled “CSBG Discretionary Grant Allocations-1984.”
The petitioners are an unincorporated association and a not-for-profit organization made up of members of the board of directors of organizations, each of which qualifies as an entity eligible for CSBG program funds. Petitioners objected to the entities listed, claiming that only 38 are eligible leaving some 33 ineligible entities, and claiming further that the funding of ineligible entities would potentially subject them to grave risks.
The respondent contends that the petitioners lack standing to bring this proceeding.
This court must agree with the contention of the respondent. The thrust of the petition is that respondent is about to proceed in excess of its jurisdiction in entering contracts with allegedly ineligible entities and disbursing funds thereto. The relief sought is in the nature of prohibition which is available only in rare cases and a petitioner must show a clear legal right to the relief sought. Prohibition will not lie without an allegation of any wrong or injustice to the petitioners, either committed or likely to be committed. The petitioners fail to allege how the distribution of *615 funds to the entities on the list would aggrieve petitioners and even if petitioners were successful in blocking the distribution of funds to those alleged to be ineligible, petitioners cannot show that they or their members would in any way benefit from such action.
In the instant matter, petitioners are seeking to prohibit a purely administrative act rather than a judicial or quasi-judicial one and the administrative act which petitioners seek to prohibit is discretionary. Petitioners cannot establish a clear legal right to the funds in question if the challenged entities were deprived of their awards, as the respondent is under no obligation to fund the petitioners or any of their members.
The petition is dismissed.